1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   GENE ALLEN ZARITSKY,

10          Plaintiff,                          Case No. 2:13-cv-02084-RCJ-NJK

11   vs.                                        **ORDER**

12   TROY JOHNSON, et al.,

13          Defendants.

14

15          Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

16   submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to

17   42 U.S.C. § 1983.  The court will defer ruling upon the application.  The court has reviewed the

18   complaint.  Plaintiff will need to file an amended complaint to correct some defects and to omit

19   some defendants.

20          When a "prisoner seeks redress from a governmental entity or officer or employee of a

21   governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any

22   portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon

23   which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

24   such relief."  28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides

25   for dismissal of a complaint for failure to state a claim upon which relief can be granted.

26   Allegations of a pro se complainant are held to less stringent standards than formal pleadings

27   drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

28

1

2   Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

3

4

5   [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

6

7

8

9

10   Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

11   Plaintiff alleges that on April 14, 2012, he was a prisoner at the High Desert State Prison.

12   He also alleges that when defendant Johnson asked him a question, he gave a insolent answer.

13   Defendant Johnson responded by striking plaintiff with an open right hand, and plaintiff fell down

14   eight stairs.

15   Count 1 is a claim that defendant Johnson violated the Eighth Amendment; the court

16   construes that as a claim of excessive force. "[W]henever prison officials stand accused of using

17   excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . .

18   whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

19   sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 6-7 (1992). The issue is a close one.

20   On the one hand, plaintiff admits that he gave a insolent answer to a question, and defendant

21   Johnson might have needed to restore order. On the other hand, deliberately pushing plaintiff down

22   the stairs in response to comments, if that is indeed what happened, is closer to malicious harm than

23   it is to restoration of order. Assuming plaintiff's allegations are true, as the court must, plaintiff has

24   alleged a plausible claim that defendant Johnson used excessive force. Plaintiff will need to re-

25   allege this count in his amended complaint, or it will be waived. King v. Atiyeh, 814 F.2d 565, 567

26   (9th Cir. 1987).

27   In count 2, plaintiff claims that medical staff members did not take any x-rays, and that he

28   still is suffering pain. Plaintiff characterizes this count as battery and negligence in violation of the

1   Eighth Amendment, but the correct inquiry is whether prison officials are deliberately indifferent to

2   his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A 'serious' medical need

3   exists if the failure to treat a prisoner's condition could result in further significant injury or the

4   'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

5   1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller,

6   104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  "The existence of an injury that a reasonable doctor

7   or patient would find important and worthy of comment or treatment; the presence of a medical

8   condition that significantly affects an individual's daily activities; or the existence of chronic and

9   substantial pain are examples of indications that a prisoner has a 'serious' need for medical

10  treatment."  McGuckin, 974 F.2d at 1059-60.

11       Deliberate indifference is subjective.  The prison official cannot be held liable "unless the

12  official knows of and disregards an excessive risk to inmate health or safety; the official must both

13  be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and

14  he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 838 (1994).  "To show

15  deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was

16  medically unacceptable under the circumstances and that the defendants chose this course in

17  conscious disregard of an excessive risk to plaintiff's health."  Snow v. McDaniel, 681 F.3d 978,

18  988 (9th Cir. 2012) (internal quotations omitted), overruled on other grounds, Peralta v. Dillard, 744

19  F.3d 1076, 1082-83 (9th Cir. 2014).  However, a difference of opinion over the appropriate course

20  of treatment does not amount to deliberate indifference.  Toguchi v. Chung, 391 F.3d 1051, 1058

21  (9th Cir. 2004).

22       Plaintiff alleges that he still is suffering pain from his fall down the stairs.  The court will

23  assume for the purposes of this order that he has a serious medical need.  Plaintiff has not identified

24  actual defendants in connection with this count.  Plaintiff has moved from the High Desert State

25  Prison, where he suffered the injuries, to the Ely State Prison.  Plaintiff will will need to allege the

26  identities of the relevant medical staff at the High Desert State Prison and at the Ely State Prison.

27  Plaintiff also has not alleged facts showing that medical staff members have actually disregarded his

28  problem.  If staff members have not X-rayed plaintiff, but are otherwise treating plaintiff, then

1  plaintiff has alleged nothing more than a difference of opinion over the appropriate course of

2  treatment.  The court will give plaintiff the opportunity to correct these defects in an amended

3  complaint.

4          Count 3 is a claim that defendant Johnson retaliated against petitioner for his remarks, in

5  violation of the First Amendment.

6          Within the prison context, a viable claim of First Amendment retaliation entails five basic
           elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)
7          because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
           exercise of his First Amendment rights, and (5) the action did not reasonably advance a
8          legitimate correctional goal.

9  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted).

10  Plaintiff's allegations establish the first and second elements.  On the fifth element, for the purposes

11  of this order, and under the circumstances that plaintiff alleges, the court will assume that there is no

12  legitimate correctional goal served by pushing plaintiff down the stairs.  On the third element, the

13  court will assume that plaintiff's comments were protected by the First Amendment.  However, the

14  court of appeals has held that prison regulations that prohibit open expressions of disrespect from a

15  prisoner are not constitutionally invalid on their face.  Bradley v. Hall, 64 F.3d 1276, 1280 (9th Cir.

16  1995), overruled on other grounds, Shaw v. Murphy, 532 U.S. 223 (2001).[1]  The court cannot

17  determine from the complaint itself whether plaintiff's comments were truly disrespectful, and thus

18  not protected by the First Amendment.  Plaintiff has not established the fourth element, the chilling

19  effect.  The element is not difficult to meet.  "[T]he proper First Amendment inquiry asks 'whether

20  an official's acts would chill or silence a person of ordinary firmness from future First Amendment

21  activities.'"  Rhodes, 408 F.3d at 568 (internal citation omitted).  Nonetheless, plaintiff has not

22  alleged that defendant Johnson chilled his exercise of his First Amendment rights by pushing him

23  down the stairs.  Plaintiff will have the opportunity to correct this defect in an amended complaint.

24          The complaint also contains defects in the defendants.  The defendants include the State of

25  Nevada, the Nevada Department of Corrections, and Troy Johnson, Dwight Neven, and Greg Cox in

26

27          [1]Bradley did hold that prison officials cannot punish a prisoner for using insolent language in
    a written grievance.  However, the issue in this case is what plaintiff said to an officer, not what he
28  wrote in a grievance.

-4-

their official capacities.  An official-capacity claim against a person is the same as a claim against the agency that employs the person; in this case, that agency is the Nevada Department of Corrections.  Kentucky v. Graham, 473 U.S. 159, 165 (1984).  The State of Nevada and the Nevada Department of Corrections, which is an arm of the state, are not people within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989).  They are not proper defendants in this § 1983 action.  Likewise, defendants Johnson, Neven, and Cox, in their official capacities, are not proper defendants in this action.  In the amended complaint, plaintiff should not include the State of Nevada and the Nevada Department of Corrections as defendants. Plaintiff also should not check the line indicating that he is suing defendants Johnson, Neven, and Cox in their official capacities.

Plaintiff also has not stated claims against defendants Neven and Cox in their individual capacities.  These two defendants are supervisors.  Supervisors cannot be liable pursuant to § 1983 simply because they are supervisors.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 & n.58 (1978).  "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  See also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).  Plaintiff has not alleged any facts indicating that defendants Neven and Cox personally directed defendant Johnson to strike plaintiff, nor has he alleged any facts indicating any connection between defendants Neven and Cox and the striking of plaintiff.  Indeed, other than listing them as defendants, plaintiff has not alleged anything about defendants Neven and Cox.  The court will give plaintiff the opportunity to correct these defects in an amended complaint.

Plaintiff has submitted a motion to extend prison copywork limit (#2).  Plaintiff has shown good cause for the need for additional photocopying.

IT IS THEREFORE ORDERED that a decision on the application to proceed in forma pauperis (#1) is **DEFERRED**.

IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is entered to

1    submit his amended complaint, if he believes that he can correct the noted deficiencies.  Failure to

2    comply with this order will result in the dismissal of counts 2 and 3 from this action.

3         IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such

4    by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42

5    U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-02084-

6    RCJ-NJK, above the word "AMENDED."

7         IT IS FURTHER ORDERED that plaintiff's motion to extend prison copywork limit (#2) is

8    **GRANTED**.  The law librarian at Ely State Prison, or other appropriate official, is directed to

9    extend plaintiff's indigent photocopying limit by ten dollars ($10.00).  The clerk of the court shall

10   serve a copy of this order by mail to the Law Librarian, Ely State Prison, P.O. Box 1989, Ely, NV

11   89301.

12        Dated:   May 27, 2014.

13

14                                       _____

15                                  ROBERT C. JONES
                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28