UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE ALLEN ZARITSKY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TROY JOHNSON, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:13-cv-02084-JCM-NJK <br><br> ORDER <br><br> (Docket No. 54) |

Pending before the Court is Plaintiff's motion to extend prison copy work limits, filed on November 9, 2015. Docket No. 54.

**I. Background**

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. On May 27, 2014, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A(a), allowed Plaintiff an opportunity to amend his complaint, and granted Plaintiff a $10 increase of his copy work limit. Docket No. 3. On October 6, 2015, the Court screened Plaintiff's amended complaint and stayed the action for ninety days to allow the parties an opportunity to settle the dispute. Docket No. 5.

On January 13, 2015, the parties participated in an inmate early mediation conference, but no settlement was reached. Docket No. 15. The case returned to its normal litigation track. *Id.* On February 5, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 20. The discovery period on the instant case ended on June 22, 2015. Docket No. 27. Plaintiff and Defendants have filed motions for summary judgment, which are fully briefed. *See* Docket Nos. 37, 40, 49, 50, 53.

On November 9, 2015, Plaintiff filed a second motion to extend prison copy work limits. Docket No. 54. Plaintiff requests a $50.00 extension of his copy work limit because, he states, he needs to copy each court filing, interrogatories and exhibits. *Id*. at 3.

**II.  Analysis**

Plaintiff asks the Court to order the Nevada Department of Corrections ("NDOC") to increase his prison photocopy budget. Docket No. 54. Plaintiff does not have a constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (*citing Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying")). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case."[1] The Ninth Circuit has concluded that "an inmate has a right to photocopying . . . when, and only when, necessary to guarantee him meaningful access to the courts." *Hiser v. Franklin*, 94 F.3d 1287, 1294 n. 6 (9th Cir. 1996). In this District, a court can order a prison to provide limited photocopying "when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark Cnty. Det. Ctr.*, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011) (finding plaintiff demonstrated a need to increase the copy work limit when he provided a copy of his inmate account statement showing a negative balance of $199 and the case was pending appeal before the Ninth Circuit).

Here, Plaintiff has failed to show the need for additional photocopying at this time. Plaintiff represents that he needs a $50 increase to copy court filings, interrogatories and exhibits; however, the discovery period has ended and no court filings or exhibits are currently due.

Therefore, the Court **DENIES** without prejudice Plaintiff's motion to extend copy work limit. Docket No. 54.

DATED: December 4, 2015.

NANCY J. KOPPE
United States Magistrate Judge

---

[1] The regulation also provides that carbon paper shall be made available to any inmate who requests it for legal purposes.

- 2 -