1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

GENE ALLEN ZARITSKY,

Case No. 2:13-CV-2084 JCM (NJK)

8

Plaintiff(s),

ORDER

9

v.

10

TROY JOHNSON, et al.,

11

Defendant(s).

12

13     Presently before the court is defendant Troy Johnson's motion for summary judgment.

14    (Doc. # 40). *Pro se* plaintiff Gene Zaritsky filed a response (doc. # 49), and defendant filed a reply.

15    (Doc. # 53). Also before the court is plaintiff Gene Zaritsky's motion for summary judgment. (Doc.

16    # 37). Defendant filed a response. (Doc. # 50).

17     Also before the court are plaintiff Gene Zaritsky's motions for leave to file amended
complaints. (Doc. ## 36, 55). Defendant filed responses. (Doc. ## 47, 56).

18    **I.      Background**

19     This is a 42 U.S.C. § 1983 action for use of excessive force in violation of the Eighth

20    Amendment of the United States Constitution. On April 14, 2012, High Desert State Prison inmate

21    Gene Zaritsky was escorted to the showers on an upper level. After Zaritsky finished showering,

22    Correctional Officer Troy Johnson escorted plaintiff back down the stairs.

23     During the walk down the stairs, Johnson inadvertently pushed Mr. Zaritsky, resulting in

24    his falling down several stairs. Correctional officers took Zaritsky to the medical facility. Medical

25    personnel admitted and examined Zaritsky and completed an "injury or unusual occurrence
report."

26
27     The injury report indicates that when the nurse asked plaintiff to describe his injury or
unusual occurrence, plaintiff told personnel that he "fell from stairs." (Doc. # 42-2 at 2). Medical

28

**James C. Mahan**
**U.S. District Judge**

1    staff found that there were abrasions on his wrist and elbow. (Doc. # 42-3 at 2). Medical staff

2    found no lacerations, redness, swelling or hematomas on Zaritsky. (*Id.*)

3    Later that night, plaintiff wrote a note to medical staff stating, "I feel better – arm not

4    broke" and requested that he return to his unit. (Doc. # 40-2 at 2). On April 23, 2012, plaintiff filed

5    an informal grievance in which he claimed for the first time that defendant Johnson willfully

6    pushed him down the stairs. (Doc. # 40-3 at 2). On October 8, 2013, investigator Nick Robles

7    interviewed plaintiff. (*See* doc. # 53-1). Shortly thereafter, plaintiff initiated the present action.

## II.    Legal Standard

8    The Federal Rules of Civil Procedure provide for summary judgment when the pleadings,

9    depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

10   show that "there is no genuine issue as to any material fact and that the movant is entitled to a

11   judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is

12   "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317,

13   323–24 (1986).

14   In determining summary judgment, a court applies a burden-shifting analysis. "When the

15   party moving for summary judgment would bear the burden of proof at trial, it must come forward

16   with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at

17   trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine

18   issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

19   In contrast, when the nonmoving party bears the burden of proving the claim or defense,

20   the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

21   element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed

22   to make a showing sufficient to establish an element essential to that party's case on which that

23   party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party

24   fails to meet its initial burden, summary judgment must be denied and the court need not consider

25   the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

26   If the moving party satisfies its initial burden, the burden then shifts to the opposing party

27   to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

28   party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions

2    of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th

3    Cir. 1987).

4         In other words, the nonmoving party cannot avoid summary judgment by relying solely on

5    conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

6    1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

     pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

7    for trial. *See Celotex*, 477 U.S. at 324.

8         At summary judgment, a court's function is not to weigh the evidence and determine the

9    truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby,*

10   *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable

11   inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is

12   merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at

13   249–50.

14   **III.    Discussion**

15        **A.    *Plaintiff's motion for summary judgment***

16        Both parties have submitted motions for summary judgment.[1] Plaintiff's one page motion

     contains no meaningful legal arguments. Moreover, he does not provide any evidence that shows

17   he would be entitled to a directed verdict at trial. *See Darden Rests., Inc.*, 213 F3d. at 480. Instead,

18   he makes irrelevant arguments about the mootness of a motion to dismiss and unavailing claims

19   that he has been denied discovery. (*See* doc. # 37 at 1-2). Zaritsky is not entitled to summary

20   judgment.

21   . . .

22   . . .

23   . . .

24   . . .

25        [1] As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less
     stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed,
26   and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings
     drafted by lawyers.") (internal quotations and citations omitted).  However, "*pro se* litigants in the ordinary civil case
27   should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364
     (9th Cir.1986).
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

*B.     Defendant's motion for summary judgment*

Johnson also submits a motion for summary judgment. Defendant argues that plaintiff accidentally fell down the stairs. Johnson actually attempted to catch Zaritsky, but failed. He offers evidence from Zaritsky's interview in which plaintiff admits that the contact Johnson made with him may have been intentional or unintentional after first describing the contact as accidental. Defendant argues that any claim for excessive force fails because Zaritsky has not produced evidence that demonstrates Johnson had the requisite state of mind for an Eighth Amendment excessive force claim.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillan*); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

In making this determination, the court considers the following factors: (1) the extent of the injury suffered by the inmate, (2) the need for application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The court must give deference to prison officials when reviewing use of force incidents and cannot substitute its own judgment for the judgment of prison officials. *Whitley*, 475 U.S. at 322.

Defendant has demonstrated that Zaritsky has failed to produce evidence sufficient to establish that force was applied maliciously and sadistically to cause harm. Indeed, the evidence put forth by defendant, including Zaritsky's own statements during his interview with investigator Robles, shows that Johnson made a good faith effort to catch plaintiff as he fell and that any culpability on Johnson's behalf amounts to negligence at worst.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1
2

When Robles asked Zaritsky to describe the incident at his October 8, 2013, interview, plaintiff explained:

> [a]nyway, [Johnson] catches up with me and—as he's talking to his buddy, he reaches out, I guess to grab me, but *accidentally* pushes me, I mean, it wasn't—I mean it *could have been* intentional, it *could've not been* intentional. I don't know. He just—he wasn't paying attention, I know that . . . [s]o, he *inadvertently* pushed me by my, I guess, left arm and I started to fall and he reached out to catch me, I guess, it didn't look like he was trying very hard.

3
4
5
6

(Doc. # 53-1 at 7–8) (emphasis added).

7

Moreover, when plaintiff reported to the medical facility, he indicated only that he "fell

8

from stairs," and did not mention any intentional or willful conduct by Johnson. (Doc. # 42-2 at

9

2). There is no evidence that he ever suggested Johnson played a significant role in the fall until

10

he filed an informal grievance over one week later. (Doc. # 40-3 at 2). Defendant has provided

11

evidence that the "push" was negligent at worst, in the form of plaintiff's own statement that

12

"[Johnson] *inadvertently* pushed me." (Doc. # 53-1 at 7–8) (emphasis added). Plaintiff has failed

13

to carry his burden to produce evidence that creates a genuine issue with respect to that fact.

The court must determine whether the use of force by Johnson, in which he attempted to

14

grab plaintiff and instead pushed him, was reasonable or malicious and sadistic by applying the

15

*Hudson* factors enumerated above. *See Hudson*, 503 U.S. at 6-7. First, plaintiff's injury was not

16

extensive. He suffered minor abrasions to his wrist and elbow, did not break his arm, and showed

17

no signs of lacerations, redness, swelling, or hematomas. (Doc. # 42-3 at 2). As to the second,

18

third, and fourth factors, it is standard protocol for prison officials to keep one hand on one arm of

19

any inmate they are escorting. While there is no evidence that Johnson perceived a threat, his

20

attempt to grab plaintiff's arm was necessary under standard protocol for prisoner safety. Finally,

21

Johnson's attempt to catch Zaritsky was an effort to temper the severity of any inadvertent shove.

Having considered the *Hudson* factors, the court finds that any use of force by Johnson was

22

made in a good faith effort to maintain discipline. *See Hudson*, 503 U.S. at 6-7. Zaritsky's

23

admission that Johnson tried to catch him undermines any claim that the alleged use of force was

24

malicious or sadistic.

25

Johnson has therefore demonstrated that plaintiff has not made a showing sufficient to

26

establish an element essential to an Eighth Amendment use of excessive force claim. *See id.*;

27

*Celotex*, 477 U.S. at 323–24. Plaintiff has failed to establish that any genuine issue of material fact

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  exists. *See Matushita*, 475 U.S. at 586. Summary judgment will thus be granted in favor of

2  defendant Johnson.

3        C.     *Plaintiff's motions to amend*

4        After an appropriate discovery process, the court has considered the evidence in this matter

5  and drawn all justifiable inferences in plaintiff's favor. *See Liberty Lobby*, 477 U.S. at 249. The

6  court concludes that summary judgment in defendant's favor is appropriate. Amendment would

7  be futile, and denial of the motions for leave to amend is appropriate under *Foman*. *See* 371 U.S.

   at 182. The motions will thus be denied.

8  **IV.**    **Conclusion**

9        Defendant Johnson has established that plaintiff cannot establish a claim for excessive use

10  of force in violation of the Eighth Amendment. Summary judgment will be granted in Johnson's

11  favor. Plaintiff's motion for summary judgment will be denied, and his motions to amend his

12  complaint are moot.

13        Accordingly,

14        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Troy

    Johnson's motion for summary judgment (doc. # 40) be, and the same hereby is, GRANTED.

15        IT IS FURTHER ORDERED that plaintiff Gene Zaritsky's motion for summary judgment

16  (doc. # 37) be, and the same hereby is, DENIED.

17        IT IS FURTHER ORDERED that plaintiff Gene Zaritsky's motion to amend his complaint

18  (doc. # 36) be, and the same hereby is, DENIED as moot.

19        IT IS FURTHER ORDERED that plaintiff Gene Zaritsky's motion to amend his complaint

20  (doc. # 55) be, and the same hereby is, DENIED as moot.

21        IT IS FURTHER ORDERED that defendant Troy Johnson shall submit an appropriate

22  judgment consistent with this order.

23        DATED March 25, 2016.

24                                 _____
                                  UNITED STATES DISTRICT JUDGE

25

26

27

28

**James C. Mahan**
**U.S. District Judge**